**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JOSE CURIEL,                           )     NO. CV 11-9587-CJC(E)
                                       )
                Petitioner,            )
                                       )
        v.                             )     ORDER OF DISMISSAL
                                       )
JAMES WALKER, Warden,                  )
                                       )
                Respondent.            )
                                       )
_____)

        On November 17, 2011, Petitioner, a state prisoner, filed a

voluminous document seeking to challenge on habeas corpus Petitioner's

Los Angeles Superior Court murder conviction ("the Petition").

Petitioner previously challenged this same conviction in a habeas

petition filed in this Court in 2007.  See Curiel v. Felker, CV 07-

2008-AHM(E) ("the prior habeas action").  On August 10, 2007, the

Magistrate Judge issued a report and recommendation in the prior

habeas action, recommending denial and dismissal of the petition with

prejudice as untimely.  On April 3, 2008, the District Judge filed an

Order adopting the report and recommendation in the prior habeas

action.  Also on April 3, 2008, the Court entered Judgment in the

1  prior habeas action, denying and dismissing the petition with
2  prejudice.

3

4        The Court must dismiss the present Petition in accordance with
5  28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and
6  Effective Death Penalty Act of 1996").  Section 2244(b) requires that
7  a petitioner seeking to file a "second or successive" habeas petition
8  first obtain authorization from the court of appeals.  See Burton v.
9  Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive
10 authorization from Court of Appeal before filing second or successive
11 petition, "the District Court was without jurisdiction to entertain
12 [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir.
13 2000) ("the prior-appellate-review mechanism set forth in § 2244(b)
14 requires the permission of the court of appeals before 'a second or
15 successive habeas application under § 2254' may be commenced"); Miles
16 v. Mendoza-Powers, 2007 WL 4523987, at *2-3 (E.D. Cal. Dec. 19, 2007)
17 (subsequent petition alleging different claims but challenging the
18 same judgment challenged in a prior habeas petition is "second or
19 successive").  The dismissal of a habeas petition as barred by the
20 statute of limitations "constitutes an adjudication on the merits that
21 renders future petitions under § 2254 challenging the same conviction
22 'second or successive' petitions under § 2244(b)."  McNabb v. Yates,
23 576 F.3d 1028, 1030 (9th Cir. 2009).  Petitioner evidently has not yet
24 obtained authorization from the Ninth Circuit Court of Appeals.
25 ///
26 ///
27 ///
28 ///

1  Consequently, this Court cannot entertain the present Petition.  See

2  Burton v. Stewart, 549 U.S. at 157.

3

4      For all of the foregoing reasons, the Petition is denied and

5  dismissed without prejudice.

6

7      LET JUDGMENT BE ENTERED ACCORDINGLY.

8

9      DATED: November 30, 2011.

10

11

12  _____

13           CORMAC J. CARNEY
         UNITED STATES DISTRICT JUDGE

14

15

16  PRESENTED this 28th day of

17  November, 2011, by:

18

19  _____

20      CHARLES F. EICK
    UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28